■ SANTO SORGE, Appellant, v. LAWRENCE H. NOTT, Respondent.— Order, entered on May 7, 1962, granting defendant's motion to dismiss the amended complaint on the ground that the agreement alleged therein is unenforcible under the Statute of Frauds, unanimously reversed, on the law and on the facts, with $30 costs and disbursements to appellant, and the motion to dismiss the amended complaint denied. We agree with Special Term that the oral agreement between the parties was a contract to pay compensation for services rendered in negotiating the sale of a business opportunity, and hence unenforcible in the absence of a memorandum complying with the Statute of Frauds (Personal Property Law, § 31, subd. 10). We are unable to conclude, however, that the writings on which plaintiff relies constitute insufficient compliance as a matter of law. Plaintiff's letter to defendant of September 23, 1959 appears to contain the essential terms of the agreement between them, and it refers to a brochure, not part of the present record, which defendant had

furnished plaintiff and which apparently further describes the producing wells mentioned in the agreement and defendant's interest in them. Defendant's signed reply of October 1, 1959, beginning as it does with the sentence " I received your analysis of our oil negotiations which in general covers the situation ", is susceptible of being interpreted as an authentication by defendant of the statements in plaintiff's letter of September 23, 1959, and if so interpreted might well suffice, in conjunction with plaintiff's letter and the brochure, as a memorandum under the statute (*Crabtree* v. *Elizabeth Arden Sales Corp.*, 305 N. Y. 48). In sum, on the present record, plaintiff's showing is sufficient to raise a triable issue (see *Papaioannou* v. *Britz*, 285 App. Div. 596). Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.